USDC SCAN INDEX SHEET











BUDGET ELECTRIC

CALIFORNIA LIGHTING

ELC   4/24/98   10:03
3:98-CV-00760
*1*
*NTCREM.*

1 | JAMES E. DOBROTT, JR., ESQ., #97516
COBY N. KELLER, ESQ., #64276
2 | RAY P. SIERRALTA, ESQ., #134335
**KELLER, WEBER & DOBROTT**
3 | 19900 MacArthur Blvd., Suite 800
Irvine, CA 92612-2445
4 | (949) 553-0450



6 | Attorneys for Defendants, California Lighting Sales, a California corporation;
7 | Larry Strandberg, an individual; and NSI Enterprises, Inc., a California Corporation

9 | **UNITED STATES DISTRICT COURT**

10 | **SOUTHERN DISTRICT OF CALIFORNIA**

12 | BUDGET ELECTRIC CONTRACTORS,
INC., dba BEC, INC., a California
13 | corporation,

| | CASE NO. 98cv 0760 S (LC)
| | **NOTICE OF REMOVAL OF CIVIL ACTION**

14 | Plaintiff,

15 | vs.

16 | CALIFORNIA LIGHTING SALES, a
Delaware corporation; LARRY
17 | STRANDBERG, an individual; LITHONIA
HI-TEK, a Delaware corporation;
18 | RICKERT HENRIKSEN, an individual;
SACRAMENTO ENGINEERING
19 | CONSULTANTS, a business entity form
unknown; and DOES 1 through 25,
20 | inclusive,

21 | Defendants.

23 |     TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

24 | THE SOUTHERN DISTRICT OF CALIFORNIA:

25 |     Removing parties CALIFORNIA LIGHTING SALES, a California corporation; LARRY

26 | STRANDBERG, an individual; and NSI ENTERPRISES, INC., a California Corporation

27 | (erroneously sued as LITHONIA HI-TEK, a Delaware corporation), by their attorney respectfully

28 | show this Court:

-1-

KELLER,
WEBER &
DOBROTT

1      1.    Removing parties are defendants in the above-entitled action.

2      2.    On February 13, 1998, the above-entitled action was commenced against removing

3  parties and others in the Superior Court of California, County of San Diego, San Diego Judicial

4  District, and is now pending therein.

5      3.    On April 3, 1998, counsel for removing parties CALIFORNIA LIGHTING SALES

6  and LARRY STRANDBERG were advised that service of a Summons and complaint had been

7  effected; removing party NSI ENTERPRISES, INC., has not been served.

8      4.    No further proceedings have been had herein in the State Court.

9      5.    Plaintiff is a citizen and resident of the State of California, and defendants

10  CALIFORNIA LIGHTING SALES, a California corporation; LARRY STRANDBERG, an

11  individual; and NSI ENTERPRISES, INC., are citizens and residents of the State of California.

12      6.    The above-entitled action is a civil action for contribution, indemnity and declaratory

13  relief.  Removing parties are entitled to removal because the above-entitled state court action is

14  related to a prior Federal action in which the existence of a Federal question vested jurisdiction

15  in the Federal Court.

16      7.    This court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C.

17  §1331, and the action may therefore be removed to this Court pursuant to 28 U.S.C. §1441(b).

18      8.    A true and correct copy of the summons and Complaint served on all removing

19  parties except NSI ENTERPRISES, INC., in the above-entitled action is attached hereto as Exhibit

20  "1" and is filed herewith.

21      9.    This Notice is filed with this Court within twenty (20) days after notice that all

22  removing parties herein except NSI Enterprises were served with the Summons and Complaint in

23  the above-entitled action.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

-2-

KELLER,
WEBER &
DOBROTT

1    WHEREFORE, removing party prays that the above-entitled action be removed from the

2    Superior Court of California, County of San Diego, San Diego Judicial District to this Court.

3    DATED:   April 21, 1998                    KELLER, WEBER & DOBROTT

4

5    By: _____
     JAMES E. DOBROTT, JR., Attorneys for
6    CALIFORNIA LIGHTING SALES, a
     California corporation; LARRY STRANDBERG,
7    an individual; and NSI ENTERPRISES, INC., a
     California corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

H:\JED\COMMERCE\BUDGET\Removal-Ntc                    -3-

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*

CALIFORNIA LIGHTING SALES, a Delaware corporation;
LARRY STRANDBERG, an individual; LITHONIA HI-TEK, a
Delaware corporation; RICKERT HENRIKSEN, an individual;
SACRAMENTO ENGINEERING CONSULTANTS, a business entity
form unknown; and DOES 1 through 25, inclusive

## YOU ARE BEING SUED BY PLAINTIFF:
*(A Ud. le esta demandando)*

BUDGET ELECTRIC CONTRACTORS, INC., dba BEC,
INC., a California corporation

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

 

3 F 4   Z A

| | |
|---|---|
| You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court. | Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte. |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso. |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico). |

The name and address of the court is: *(El nombre y dirección de la corte es)*

**CASE NUMBER (Numero del Caso)**
718136

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

- [X] CENTRAL COURT, 220 W. BROADWAY, SAN DIEGO, CA 92101-3409
- [ ] FAMILY COURT BUILDING, 1501-55 SIXTH, SAN DIEGO, CA 92101-1946
- [ ] NORTH COUNTY BRANCH, 325 S. MELROSE, VISTA, CA 92083-6627
- [ ] EAST COUNTY COURT, 250 E. MAIN, EL CAJON, CA 92020-3913
- [ ] SOUTH BAY COURT, 500 THIRD, CHULA VISTA, CA 91910-5694
- [ ] JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

David A. Perkins                                    (619) 615-5333
David A. Perkins, Esq. Bar # 131683
Perkins & Miltner
750 B Street, Suite 2800
San Diego, CA 92101
BAR # 131683

KENNETH E. MARTONE
**CLERK OF THE SUPERIOR COURT**

Date: FEB 19 1998           by _____, Deputy
*(Fecha)*                   *(Actuario)*        *(Delegado)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: California Lighting Sales, a Delaware corporation

under: 
- [ ] CCP 416.10 (corporation)
- [ ] CCP 416.20 (defunct corporation)
- [ ] CCP 416.40 (association or partnership)
- [ ] other:
- [ ] CCP 416.60 (minor)
- [ ] CCP 416.70 (conservatee)
- [ ] CCP 416.90 (individual)

4. [ ] by personal delivery on (date):

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]
SUBCT 219(Rev. 1-94)

*(See reverse for Proof of Service)*
## SUMMONS

CCP 412.20
50-2:9

(☐ separate proof of service for each person served)

1. I served the

a. ☐ summons   ☐ complaint   ☐ amended summons   ☐ amended complaint
   ☐ completed and blank Case Questionnaires   ☐ Other (specify):

b. on defendant (name):

c. by serving   ☐ defendant   ☐ other (name and title or relationship to person served):

d. ☐ by delivery   ☐ at home   ☐ at business
   (1) date:
   (2) time:
   (3) address:

e. ☐ by mailing
   (1) date:
   (2) place:

2. Manner of service (check proper box):

   a. ☐ Personal service. By personally delivering copies. (CCP 415.10)

   b. ☐ Substituted service on corporation, unincorporated association (including partnership), or public entity. By leaving during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(a))

   c. ☐ Substituted service on natural person, minor, conservatee, or candidate. By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*

   d. ☐ Mail and acknowledgement service. By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgement and a return envelope, postage prepaid, addressed to the sender. (CCP 415.30) *(Attach completed acknowledgment of receipt.)*

   e. ☐ Certified or registered mail service. By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*

   f. ☐ Other (specify code section):
      ☐ additional page is attached.

3. The "Notice to the Person Served" (on the summons) was completed as follows (CCP 412.30, 415.10, and 474):

   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of (specify):
   c. ☐ on behalf of (specify):
      under:   ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)        ☐ other:
               ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
               ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (individual)
   d. ☐ by personal delivery on (date):

4. At the time of service I was at least 18 years of age and not a party to this action.

5. Fee for service: $

6. Person serving:

   a. ☐ California sheriff, marshal, or constable.
   b. ☐ Registered California process server.
   c. ☐ Employee or independent contractor of a registered California process server.
   d. ☐ Not a registered California process server.
   e. ☐ Exempt from registration under Bus. & Prof. Code 22350(b).

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
                (SIGNATURE)

*(For California sheriff, marshal, or constable use only.)*
I certify that the foregoing is true and correct.

Date:

▶ _____
                (SIGNATURE)

982(a)(9) (Rev. January 1, 1984)
SUPCT 210(Rev.1-94)

David A. Perkins, Esq./State Bar # 131683
Joel R. Bryant, Esq./State Bar # 149370

**PERKINS & MILTNER**
ATTORNEYS AT LAW
Symphony Towers
750 B Street, Suite 2800
**San Diego, California 92101**
Telephone (619) 615-5333
Telefax (619) 615-5334

F I L E D
KENNETH E. MARTONE
Clerk of the Superior Court

**FEB 1 3 1998**

By: SCOTT JOOSSE, Deputy

6  Attorneys for Plaintiff BUDGET ELECTRIC CONTRACTORS, INC., dba BEC, INC.

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO, SAN DIEGO JUDICIAL DISTRICT

| | |
|---|---|
| BUDGET ELECTRIC CONTRACTORS, INC., dba BEC, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA LIGHTING SALES, a Delaware corporation; LARRY STRANDBERG, an individual; LITHONIA HI-TEK, a Delaware corporation; RICKERT HENRIKSEN, an individual; SACRAMENTO ENGINEERING CONSULTANTS, a business entity form unknown; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NUMBER:  **718136**<br><br>**COMPLAINT FOR CONTRIBUTION, INDEMNITY AND DECLARATORY RELIEF** |

Plaintiff BUDGET ELECTRIC CONTRACTORS, INC., dba BEC, INC. ("BEC") alleges as follows:

### GENERAL ALLEGATIONS

1.      Plaintiff BUDGET ELECTRIC CONTRACTORS, INC., dba BEC, INC. ("BEC") asserts that jurisdiction and venue is proper before this court because some of the actions giving rise to this claim occurred within San Diego County and within this judicial district.

2.      Plaintiff is, and at all times herein mentioned was, a California corporation duly organized and existing under and by virtue of the laws of the State of California.

INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

TO:

DAVID A. PERKINS
PERKINS & MILTNER
750 B. STREET SUITE 2800
SAN DIEGO, CA 92101

---

| | |
|---|---|
| BUDGET ELECTRIC CONTRACTORS, INC<br>Plaintiff(s)<br><br>vs.<br><br>CALIFORNIA LIGHTING SALES<br>Defendant(s) | Case No.: 718136<br><br>**NOTICE OF CASE ASSIGNMENT**<br><br>Judge: RONALD S. PRAGER<br>Department: 46<br>Phone: 619-685-6137 |

**COMPLAINT FILED** 02/13/98

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH COORDINATED RULES OF THE SUPERIOR AND MUNICIPAL COURTS WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Appeals from the lower court, small claims appeals and petitions.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SUPCT CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document. (Rule 5.6)

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.) (Rule 5.7)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 5.8)

**CASE MANAGEMENT CONFERENCE:** A Case Management Conference will be set within 150 days of filing the complaint.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT THROUGH SAN DIEGO MEDIATION CENTER 619-238-2400. THERE IS NO CHARGE FOR THE FIRST FOUR HOUR SESSION. MEDIATION SERVICES ARE ALSO AVAILABLE THROUGH OTHER ORGANIZATIONS FOR A FEE.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN MEDIATION OR ARBITRATION PURSUANT TO CCP 1775 OR 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE $150 FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND STIPULATE TO AN AVAILABLE MEDIATOR/ARBITRATOR ON THE COURT'S LISTS OF PROVIDERS LOCATED IN THE ARBITRATION DEPARTMENT AT EACH COURT LOCATION. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SUPCT CIV-357 OR 358 AT LEAST 10 DAYS PRIOR TO THAT HEARING.

CERTIFICATE OF SERVICE

I, KENNETH E. MARTONE, certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at SAN DIEGO California.

Dated: 02/13/98

KENNETH E. MARTONE          Clerk of the Superior Court
by DEBRA JONES, Deputy Clerk

SUPCT CIV-721(Rev 1-98)                 ASG-NOTICE OF CASE ASSIGNMENT

3.    Plaintiff is, and at all times herein mentioned was, a duly licensed contractor under the laws of the State of California.

4.    Plaintiff is informed and believes, and thereon alleges, that Defendant CALIFORNIA LIGHTING SALES ("CLS") is, and at all times herein mentioned was, a corporation organized and existing under and by virtue of the laws of the State of Delaware and doing business in the State of California.

5.    Plaintiff is informed and believes, and thereon alleges, that Defendant LITHONIA HI-TEK ("LITHONIA") is, and at all times herein mentioned was, a corporation organized and existing under and by virtue of the laws of the State of Delaware and doing business in the State of California.

6.    Plaintiff is informed and believes, and thereon alleges, that Defendant SACRAMENTO ENGINEERING CONSULTANTS ("SEC") is, and at all times herein mentioned was, a business entity and doing business in the State of California.

7.    Plaintiff is informed and believes, and thereon alleges, that Defendant RICKERT HENRIKSEN ("MR. HENRIKSEN") is, and at all times herein mentioned was, an individual residing in Sacramento, California and an employee of SEC.

8.    Plaintiff is informed and believes, and thereon alleges, that Defendant LARRY STRANDBERG ("MR. STRANDBERG") is, and at all times herein mentioned was, an individual residing in Los Angeles and an employee of CLS.

9.    The true names and capacities, whether individual, corporate or otherwise of Defendants named herein as DOES 1 through 25, inclusive, are unknown to Plaintiff, who is informed and believes and thereon alleges, that each of said fictitiously named Defendants is liable to Plaintiff on the causes of action herein alleged, and therefore, Plaintiff sues said Defendants by said fictitious names.  Plaintiff will move to amend this Complaint when the true names and capacities of said fictitiously named Defendants have been ascertained.

10.    At all times herein mentioned, each of the Defendants was the agent and employee of each of their co-Defendants, and in doing the things herein mentioned, was acting in the scope

2

1  of its authority as such agent and employee, and with the permission and consent of their co-

2  Defendants.

3  ## FIRST CAUSE OF ACTION

4  ### (Contribution Against All Defendants)

5      11.   Plaintiff incorporates by reference paragraphs 1 through 10 hereinabove as so the

6  same were set forth in full herein.

7      12.   On or about June 10, 1992, Martech USA, Inc. ("Martech") entered into a prime

8  contract with the Department of Navy, Mid Pacific ("Navy") for the construction of the work of

9  improvement commonly know as the FY92 MCON Project P-140 MK-50 Maintenance Shop

10  located at NAVMAG, Lualualei, West Loch, Oahu, Hawaii, bearing contract no. N62471-88-C-

11  1317 (the "SUBJECT PROJECT.")

12      13.   Thereafter, Martech, as principal, and Indiana Lumbermen's Mutual Insurance

13  Company ("Indiana") and National American Insurance Company ("National"), as sureties, duly

14  executed a payment bond in accordance with the provisions of Title 40 of the United States Code

15  § 270a in the total penal sum of $1,947,738.00 guaranteeing, jointly and severally, payment to all

16  persons supplying labor and material in prosecution of the work provided for in the prime contract.

17      14.   The payment bond was delivered to the Navy, and accepted by it, and said bond

18  inured to the benefit of BEC.

19      15.   After bidding on the Subject Project, Martech solicited bids from various

20  subcontractors, including electrical subcontractors such as BEC.

21      16.   In response to the solicitation of bids, BEC contacted its supplier, Consolidated

22  Electrical Distributors ("CED"), to obtain prices for, among other things, the lightning masts to be

23  installed on the Subject Project. CED submitted to BEC its prices concerning various construction

24  materials, including the lightning masts. BEC then submitted its bid to Martech.

25      17.   The lightning masts form part of what is known as the lightning protection system

26  for the Subject Project.

27  ///

28  ///

3

18.     The lightning protection system is designed to protect the buildings from direct lightning strikes.  As designed, the lightning protection system involves three pairs of masts.  The masts are installed across from each other on opposite sides of the building, three masts to each side.  The system was designed so that an aerial cable would connect each pair of lightning masts, such that there would be three separate cables.

19.     On or about July 1, 1992, BEC entered into a written subcontract agreement with Martech pursuant to which BEC agreed to furnish all labor, equipment and materials necessary to perform the electrical work on the SUBJECT PROJECT in conformance with the terms of said subcontract.  In consideration therefore, Martech agreed to pay BEC $810,000.00.

20.     BEC and CED entered into a contract providing for CED to, inter alia, supply lightning masts for the Subject Project in accordance with the plans and specifications and industry standards, and in exchange for compensation as provided therein.  Given the voluminous nature of said subcontract documents, the same have not been attached hereto but will be made available to counsel and/or the Court upon request.

21.     Thereafter, BEC commenced the submittal process.  The submittal process is designed to ensure that the materials to be installed on the project by the subcontractors comply with the plans and specifications.  In accordance with the submittal process, the subcontractors submit to the general contractor representative catalog cut-sheets and other documents detailing the materials the subcontractor plans to install on the project.  If the general contractor representative approves the submittal, he so advises the subcontractor and the subcontractor orders the approved materials from its supplier.

22.     Pursuant to the plans and specifications, Martech hired a Contract Quality Control representative ("CQC").  The CQC is an agent of Martech and Martech's successor-in-interest, the Sureties. The project specifications provide that the CQC is responsible for reviewing submittals from subcontractors to ensure that the materials to be installed on the project comply with the plans and specifications.

23.     In connection with the submittal process and to confirm pricing, CED, as BEC's supplier, went to BEC's office to review the plans and specifications so that it could provide BEC

4

with construction materials which conformed with the plans and specifications. CED reviewed the plans and specifications relative to the lightning masts to be installed on the Subject Project and provided BEC with documentation, including catalog cut-sheets, to be submitted to the CQC as part of the submittal process.

24. In an effort to give BEC an accurate price quote, CED contacted Defendant MR. STRANDBERG of Defendant CLS, who CED understood to be an independent manufacturer's representative for Valmont Industries, Inc. ("Valmont"), a manufacturer of, among other things, lightning masts.

25. On or about September, 1992, CED faxed to MR. STRANDBERG of CLS, the contract documents and specifications and asked for them to provide a price quote for a set of lightning masts which would comply with the project plans and specifications.

26. MR. STRANDBERG and CLS represented that the DS210 pole manufactured by Valmont would meet the project plans and specifications and provided a quote for said poles to CED. CED then passed on said quote to BEC, along with the representation that the DS210 pole would satisfy the project plans and specifications. Unbeknownst to CED, MR. STRANDBERG's independent manufacturer's representative agreement with Valmont was terminated six months before MR. STRANDBERG was contacted by CED. MR. STRANDBERG never told anyone at CED that CLS no longer sold Valmont products.

27. Plaintiff is informed and believes that since MR. STRANDBERG was no longer an authorized representative of Valmont, he contacted an actual authorized representative, Defendant LITHONIA, to provide a Valmont pole in compliance with the project plans and specifications. Plaintiff is informed and believes that LITHONIA reviewed the project plans and specifications and determined that the Valmont DS210 pole would satisfy the criteria set forth in the plans and specifications and passed on this recommendation to CLS who, in turn, relayed this information to CED.

28. As is typical in the construction industry, BEC relied almost entirely on CED, its supplier, to identify those materials which the plans and specifications required to be installed on the Subject Project. CED agreed to provide to BEC lightning masts in conformance with the plans

5

and specifications and industry standards.  BEC relied on CED's advice and representations regarding the lightning masts since CED claims to be, and is acknowledged as, an expert with respect to construction materials, including lightning masts.

29.     In accordance with the submittal process, BEC provided to the CQC the submittal relative to the lightning protection system on or about late November/early December 1992.  J.C. Lee was the CQC at that time.  The submittal included catalog cut-sheets provided by CED which detailed the type of lightning masts to be provided to the Subject Project.

30.     The CQC retained an electrical engineer, Defendant MR. HENRIKSEN of Defendant SEC, to assist him in reviewing electrical-related submittals, including the lightning protection system submittal by BEC.

31.     On December 9, 1992, based on MR. HENRIKSEN's approval, the CQC approved the lightning protection system submittal with certain limited exceptions.  Upon learning that the limited exceptions requested information which had already been submitted with the original submittal, BEC highlighted the requested information and resubmitted the original submittal.

32.     On February 8, 1993, MR. HENRIKSEN approved the submittal without any exceptions.  On February 22, 1993, the CQC, based on MR. HENRIKSEN'S approval,  fully approved the lightning protection submittal without any exceptions.

33.     In approving the re-submittal, the CQC stated in writing on the face of the submittal "I hereby certify that the (material) (equipment) (article) shown and marked in this submittal and proposed to be incorporated with contract no. N62471-88-C-1317, is in compliance with the contract drawings and specifications, can be installed in the allocated spaces, and is approved for use."

34.     In reliance on the CQC's approval, BEC ordered and eventually installed the lightning masts.  CED supplied BEC with the lightning masts.  BEC completed installation of the lightning masts in or about April 1994.  The lightning masts BEC installed are the same masts which CED, and Defendants MR. STRANDBERG, CLS and LITHONIA represented were in compliance with the plans and specifications and which MR. HENRICKSEN and SEC certified as in compliance with the plans and specifications.

35.   On or about February 17, 1994, the Navy terminated Martech's right to proceed under the prime contract. Indiana and National (the "Sureties") then took over for Martech to have the SUBJECT PROJECT completed. Thereafter, and due to non-payment by Martech to BEC, BEC commenced a civil action against the Sureties in the United States District Court for the District of Hawaii, bearing action number 94-00224HG. Said action was filed on or about March 24, 1994.

36.   Thereafter, and, in part, to settle the differences between BEC and the Sureties, respectively, a contract (the "Completion Contract") was entered into between said parties providing for BEC to complete certain work on the Subject Project in exchange for compensation as provided therein. Said agreement incorporates by reference the aforementioned subcontract between BEC and Martech. The Completion Contract contains an attorneys' fees clause as well. In connection with execution of the Completion Contract, BEC dismissed the lawsuit against the Sureties and Martech.

37.   Subsequent to execution of the Completion Contract, BEC commenced work pursuant to said contract.

38.   In or about December 1994, the Sureties advised BEC for the first time that the lightning masts were defective. The Sureties learned of the alleged deficiency several months earlier.

39.   The Sureties concluded that the lightning masts were defective because the masts' deflection was allegedly excessive when the aerial cable was placed approximately one foot from the top of the mast. The Sureties contended that the lightning protection system would not work if the aerial cable was attached to the lightning mast at any height lower than one foot from the top of the mast.

40.   In June, 1995, the Sureties removed and replaced the old lightning masts and installed new, sturdier masts so that the aerial cable could be hung one foot from the top.

41.   The Navy took physical occupancy of the Subject Project in or about June 1995. However, the Navy did not accept beneficial occupancy until September 1995.

42.     As a result of the Sureties' failure to pay BEC for the work it performed pursuant to the Completion Contract, BEC filed suit against the Sureties in California Superior Court on March 17, 1995.

43.     The Sureties removed the action to Federal Court on April 21, 1995, where it was assigned case number 950529E (AJB) (the "Underlying Action")

44.     On May 2, 1995, the Sureties filed a counter-claim against BEC and Insurance Company of the West ("ICW").

45.     On October 27, 1995, BEC and ICW filed a third-party Complaint for indemnity against CED and Valmont.   Valmont was dismissed from the Underlying Action prior to trial.

46.     The Underlying Action between BEC, the Sureties and CED proceeded to trial on January 28, 1997.  On February 20, 1997, the jury rendered its verdict.  The jury found that the Sureties owed BEC $217,274.37 as a contract balance due and owing under the Completion Contract.  The jury also determined that BEC owed the Sureties $394,585.62.  Of that amount, $106,547.87 related to the lightning mast replacement cost and $242,287.50 was awarded in liquidated damages associated with the 11-week delay brought about by the lightning mast replacement.  Subsequently, the district court in the underlying action ordered BEC to pay the Sureties the sum of $125,000.00, in attorneys' fees as well.

47.     In sum, BEC has sustained damages in excess of $473,000.00  relative to the defective lightning masts originally installed on the Subject Project.  Such liability is not the result of any actual fault on BEC's part, but is solely by operation of law.  Specifically, BEC's damages are exclusively the result of the negligent and/or wrongful conduct of Defendants CLS, MR. STRANDBERG, LITHONIA, MR. HENRIKSEN, and SEC and DOES 1 through 25 as set forth above.

48.     BEC is informed and believes that Defendants CLS, LITHONIA and MR. STRANDBERG and DOES 1 through 15 negligently designed, constructed and/or supplied the lightning masts to the Subject Project, and negligently supervised construction of the lightning masts by negligently failing to ensure that they were designed and manufactured in accordance with the plans and specifications and industry standards.  Said Defendants knew, or in the exercise

8

of ordinary care by persons of their respected profession, should have known, at the time they designed, constructed or supplied the lightning mast for use on the Subject Project that the lightning masts provided were not in conformance with the plans and specifications and were not fit for the intended purpose.

49.    Similarly, MR. HENRIKSEN and SEC and DOES 16 through 25 negligently and/or wrongfully approved BEC's lighting mast submittal, thereby causing BEC to wrongfully believe that the Valmont DS210 pole was in compliance with the plans and specifications for the Subject Project and BEC to install the lightning masts in reliance thereon. As set forth above, BEC sustained damages in excess of $473,000.00 as a result of said Defendants' negligent and/or wrongful conduct.

50.    The damages suffered by plaintiff were solely and/or substantially caused by the negligence and the wrongful conduct of defendants, and each of them, and therefore BEC is entitled to have the percentage of negligence and/or wrongful conduct of the Defendants, and each of them, determined by this Court.

51.    BEC is entitled to contribution or total indemnity from the Defendants, and each of them, for the damages which BEC was required to pay to the Sureties relative to the lightning mast replacement issue and delay damages associated with same, including attorneys' fees and costs incurred by BEC and those fees and costs BEC was required to pay the Sureties.

## SECOND CAUSE OF ACTION

### (Indemnity Against All Defendants)

52.    Plaintiff incorporates herein by reference paragraphs 1 through 51 hereinabove as though the same were set forth in full herein.

53.    Plaintiff alleges that by virtue of the negligent and/or wrongful conduct of the Defendants, said Defendants were actively and primarily negligent in causing BEC to suffer the damages alleged.

54.    Plaintiff alleges that by virtue of the "active" and "primary" negligence of Defendants, that in the interests of equity and justice, Defendants should be held liable to BEC for indemnification from and against all damages suffered by BEC, including but not limited to, the

verdict of $348,835.37 in favor of the Sureties and against BEC relative to the lightning mast replacement, all attorneys' fees and costs BEC incurred defending against said claim and prosecuting this Complaint against said Defendants and the attorney fees and costs in excess of $125,000.00 which BEC was required to pay to the Sureties in the Underlying Action. Plaintiff hereby makes demand upon Defendants, and each of them, to indemnify BEC completely for all of the foregoing damages BEC has sustained relative to the lightning masts replacement issue in the Underlying Action.

## THIRD CAUSE OF ACTION

### (Declaratory Relief Against All Defendants)

55.     Plaintiff incorporates herein by reference paragraphs 1 through 54 hereinabove as though the same were set forth in full herein.

56.     Plaintiff is informed and believes, and based thereon alleges, that an actual controversy has arisen and now exists between it and Defendants CLS, MR. STRANDBERG, LITHONIA, MR. HENRIKSEN, SEC and DOES 1 through 25 regarding the respective liability and responsibility for the damages and attorneys' fees BEC was required to pay to the Sureties in the Underlying Action with respect to the lightning mast replacement issue. Plaintiff contends that the Defendants are solely responsible, by law and by equity, for the damages and liability arising out of the lighting mast issue referenced above. Plaintiff is informed and believes that said Defendants contend that they are neither solely nor partly responsible for any such liability and/or damages.

57.     Plaintiff desires a judicial determination of the parties' rights and duties, and a declaration that Defendants CLS, MR. STRANDBERG, LITHONIA HI-TEK, MR. HENRIKSEN, SEC and DOES 1 through 25 are solely responsible to BEC for the damages and attorneys' fees BEC was required to pay the Sureties in the Underlying Action relative to the lightning mast issue referenced above.

///

///

///

10

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

## ON THE FIRST AND SECOND CAUSES OF ACTION

1.    For determination by this court of the quantum of negligence or other wrongful conduct, of each party herein relative to the lightning mast issue and delay damages associated with same;

2.    For contribution and indemnity for that proportion of BEC's damages which are attributable to the negligence, wrongful conduct or other fault of defendants;

3.    For complete contribution and indemnity from each Defendant;

4.    For attorneys' fees incurred herein;

5.    For costs of suit incurred herein; and

6.    For such other and further relief as the Court deems just and proper.

## ON THE THIRD CAUSE OF ACTION

1.    For a judicial determination of the respective rights and duties of Plaintiff and Defendants, and each of them, relating to the damages and liability sustained by Plaintiff to the Sureties in the Underlying Action relative to the lightning mast issue.  Specifically, for a judicial determination that Defendants, and each of them, are legally obligated to indemnify Plaintiff for all costs, attorneys' fees, damages and/or liability Plaintiff  incurred to the Sureties  in the Underlying Action with respect to the lightning mast issue;

2.    For a judicial determination of the amount that each Defendant is obligated to indemnify BEC;

3.    For costs of suit incurred herein; and

4.    For such other and further relief as the Court deems just and proper.

Dated: February 13, 1998

PERKINS & MILTNER

By: _____

David A. Perkins
Joel R. Bryant
Attorneys for Plaintiff
BUDGET ELECTRIC
CONTRACTORS, INC., dba BEC, INC.

11

1 | **STATE OF CALIFORNIA**                )            **PROOF OF SERVICE**
                                                        )
2 | **COUNTY OF ORANGE_____**           )

3     I am employed in the County of Orange, State of California.  I am over the age of eighteen
4 years and not a party to the within action.  My business address is 19900 MacArthur Blvd., Suite 800, Irvine, California 92612.

5     On April 21, 1998, I transmitted the foregoing document described as: **NOTICE OF REMOVAL OF CIVIL ACTION** on the interested parties in this action by placing □ the original
6 □ a true copy thereof enclosed in a sealed envelope addressed as follows:

7

8 David A. Perkins, Esq.
PERKINS & MILTNER
750 B Street, Suite 2800
9 San Diego, CA 92101
(619) 615-5333

10

11 □ **(BY MAIL)** I deposited such envelope in the mail at Irvine, California.  The envelope was mailed with postage thereon fully prepaid.

12     I am "readily familiar" with the firm's practice of collection and processing correspondence
13 for mailing.  It is deposited with the U.S. postal service on the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal
14 cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15 □ **(BY FACSIMILE)** I transmitted the above document via facsimile machine, pursuant to C.C.P.
16 §2009, from (714) 553-0476, at approximately _____ __.m. on April 21, 1998, from Irvine, California.

17     The facsimile machine used complied with Rule 2003(3) of the Code of Civil Procedure
18 and transmission of such document was reported complete and without error.  Pursuant to Rule 2005(i) of the Code of Civil Procedure, I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

19     Executed on April 21, 1998, at Irvine, California.

20

21 □ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22 □ **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court
23 at whose direction the service was made.

24 _KERIE GOLDSMITH_

25

26

27

28 H:\JED\COMMERCE\BUDGET\POS(Fed)

## CIVIL COVER SHEET

**I.(a) PLAINTIFFS** BUDGET ELECTRIC CONTRACTORS, INC., dba BEC, INC., a California corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
EXCEPT IN U.S. PLAINTIFF CASES

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David A. Perkins, Esq.
**PERKINS & MILTNER**
750 B Street, Suite 2800
San Diego, CA 92101   98 CV 0760 S

**DEFENDANTS** CALIFORNIA LIGHTING SALES, LARRY STRANDBERG, NSI ENTERPRISES, INC., RICKERT HENRIKSEN, & SACRAMENTO

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
ENGINEERING CONSULTANTS

ATTORNEYS (IF KNOWN)

James E. Dobrott, JR.
KELLER, WEBER & DOBROTT
19900 MacArthur Blvd., Suite 800
Irvine, CA  92612-2445

(949) 553-0450

---

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties In Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** *(PLACE AN x IN ONE BOX ONLY)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    **DEMAND $** _____   Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES  ☐ NO

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

CONTRIBUTION, INDEMNITY, AND DECLARATORY RELIEF   28:1441 iv

---

**VII. NATURE OF SUIT** *(PLACE AN x IN ONE BOX ONLY)*

| OTHER STATUTES | CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☒ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | | | | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Information Act | ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | |
| ☐ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | |
| | ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | | ☐ 555 Prison Condition | | |

---

**VIII.(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? _____ No __X__ Yes

If yes, list case number(s): 950529E (AJB)

#038124

## CIVIL COVER SHEET
(Reverse Side)

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

VIII(b). **RELATED CASES:** Have any cases been previously filed that are related to the present case? _____ No ___X__ Yes

If yes, list case number(s): __950529E (AJB)__

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:

(CHECK ALL BOXES     ☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;

THAT APPLY)          ☐ B. Involve the same or substantially the same parties or property;

                    ☐ C. Involve the same patent, trademark or copyright;

                    ☐ D. Call for determination of the same or substantially identical questions of law, or

                    ☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

IX. **VENUE:** List the California County , or State if other than California, in which EACH named plaintiff resides. (Use an additional sheet if necessary)

☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).

☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)

**NOTE:** In land condemnation cases, use the location of the tract of land involved.

X. **SIGNATURE OF ATTORNEY (OR PRO PER):** X _____ Date 4/21/98

NOTICE TO COUNSEL/PARTIES: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3.3 is not filed but is used by the Clerk of the Court for the purpose of statistics, vent and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |